# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. DIAZ, et al.,<br><br>        Defendants. | CASE NO. 1:07-cv-540-AWI-DLB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

    Plaintiff Larry D. Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 6, 2007.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious;" that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

       B.      Summary of Plaintiff's Complaint

Plaintiff is an inmate currently housed at the California Department of Corrections and Rehabilitation State Prison in Delano. However, the events stated in his complaint took place at Pleasant Valley State Prison. Plaintiff names as defendants: Correction Officers J. Diaz, A. Rangel, J. Jordan and S. Deathridge; and P. Catalano, L.V.N. Plaintiff is seeking compensatory, general and punitive damages, reasonable costs and attorney's fees, injunctive, declaratory, and other equitable relief.

Plaintiff alleges that subsequent to his filing an "Employee Misconduct/Sexual Misconduct Complaint" against Diaz, he was subjected to retaliation at the behest of Diaz, and by direct action(s) on the part of Diaz, Rangel, Jordan and Deathridge. Plaintiff alleges that, because of his use of the grievance system: Diaz kicked his cell door at 6:20 a.m. and ordered that he take his window coverings down -- despite the fact that plaintiff had skipped breakfast to sleep in and that window coverings were not required to be taken down until 8:00 a.m.; that plaintiff was forced to make multiple cell moves; that Diaz instigated a new procedure for morning medical procedures (just to irritate and vex plaintiff) such that all diabetic inmates were to receive their insulin injections prior to inmates having their blood pressure taken and thereafter

receiving their DOT hypertension medications (plaintiff was the only inmate requiring DOT hypertension medication); and that on June 29, 2006, plaintiff was subjected to excessive force at the hands of Diaz, Rangel, Jordan and Deathridge at Diaz's behest in retaliation for plaintiff's use of the grievance system. Plaintiff further alleges that P. Catalano, L.V.N. was deliberately indifferent to plaintiff's medical needs by failing to request an R.N. or M.D. to examine plaintiff and for failing to clean and bandage his abrasions/wounds subsequent to the June 29, 2006 incident.

### C. Plaintiff's Section 1983 Claims

As plead plaintiff's allegations do not rise to the level of constitutional violations.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant's name, what action that defendant took or failed to take, and why (e.g., to retaliate against plaintiff for filing inmate grievances). In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint..

#### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In order to proceed under section 1983, plaintiff must allege sufficient facts to support a claim that *each* defendant named in the complaint either acted or failed to act in a manner that was adverse to plaintiff and that the defendant(s) did so in retaliation against plaintiff for either litigating in court or filing inmate grievances. Plaintiff is cautioned that in his amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

2.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will

4

be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

      Plaintiff alleges that his constitutional rights were violated by the unjustified and unnecessary retaliation, interference, and punishment of the plaintiff instigated by Diaz via:  Diaz kicking plaintiff's cell door at 6:20 a.m. and ordering that he take his window coverings down -- despite the fact that plaintiff had skipped breakfast to sleep in and that window coverings were not required to be taken down until 8:00 a.m.; multiple cell moves; a new procedure for morning medical procedures (just to irritate and vex plaintiff) such that all diabetic inmates were to receive their insulin injections prior to inmates having their blood pressure taken and thereafter receiving their DOT hypertension medications (plaintiff was the only inmate requiring DOT hypertension medication, and presumably was made to wait for dispensing thereof until the other inmates were cared for); and on June 29, 2006, plaintiff was subjected to excessive force at the hands of Diaz, Rangel, Jordan and Deathridge at Diaz's behest in retaliation for plaintiff's use of the grievance system.

      Plaintiff has alleged the requisite elements for retaliation.  However, as to being awoken early on one morning, being moved from cell to cell, and the new morning medical procedures, the court finds that these instances, even when viewed as a whole and in light of retaliation claims, do not rise to the level of violating plaintiff's constitutional rights.  The June 29, 2006 instance of excessive force may very well support the retaliation claims plaintiff is making, but

the court is unable to ascertain whether plaintiff intends that instance as a basis for his retaliation claims, or solely as the basis for his claim of excessive force. Therefore, plaintiff is given opportunity to file an amended complaint to address and perfect his claim(s) for violation of his First Amendment right to Freedom from Retaliation.

### 3.  Interference with Plaintiff's use of the Prison Grievance System

To the extent plaintiff attempts to state a claim relating to the processing of his use of the grievance system within the prison, plaintiff is advised that, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Sandin v. Conner, 515 U.S. 472, 484 (1995) (Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). The failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome. Even if interference with plaintiff's use of the prison grievance occurred in retaliation for his prior use of that system, defendants' actions in interference with and/or reviewing and issuing decisions on the appeals do not provide a basis upon which to impose liability under section 1983. Therefore, any claims plaintiff is attempting to assert, regarding the interference with his use of the prison grievance system do not rise to the level of a protected constitutional right.

4. <u>Excessive Force</u>

Plaintiff alleges that, on June 29, 2006, Diaz, Rangel, Jordan and Deathridge used excessive force against him.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id</u>. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition <u>de</u> <u>minimis</u> uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." <u>Id</u>. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id</u>. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." <u>Id</u>. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." <u>Id</u>.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). An officer

can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).

Plaintiff alleges that, on June 29, 2006, Diaz, Rangel, Jordan and Deathridge "wrestled" plaintiff to the ground in a forceful manner, without giving the verbal order for plaintiff to "get down" -- despite the fact that plaintiff was not resisting submission; that Diaz pushed plaintiff's face to the asphalt; that while plaintiff was handcuffed, Rangel, Jordan and Deathridge sat on plaintiff's back and legs, and Diaz gouged his fingers into plaintiff's eyes; that the handcuffs were tightened so as to restrict the blood flow; that these defendants thereafter walked plaintiff to the clinic in a bent over crouch rather than being allowed to walk up-right – as a result, plaintiff alleges he sustained abrasions and wounds to his face, scars from the handcuffs, nerve injury to his left hand and fingers, and exacerbation of a prior lower back injury.

Thus, it appears that plaintiff has stated a prima facie claim for use of excessive force against him by Diaz, Rangel, Jordan, and Deathridge in violation of his Eighth Amendment rights.

### 5. Medical Needs

Plaintiff alleges that Catalano's failure to cleanse, bandage and/or treat plaintiff's injuries (some of which were "bleeding profusely" during Catalano's visual examination) and his failure to refer plaintiff to someone qualified and licensed to diagnose plaintiff's injuries, subsequent to the June 29, 2006 altercation, constitutes deliberate indifference to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment constitutional rights.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle v. Gamble, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

The court finds that, as stated, plaintiff's contentions that Catalano was deliberately indifferent of plaintiff's medical condition as he failed to cleanse, bandage and/or treat plaintiff's injuries (some of which were "bleeding profusely" during Catalano's visual examination) and to refer plaintiff to someone qualified and licensed to diagnose plaintiff's injuries, subsequent to the June 29, 2006 altercation, do not satisfy the requirements for showing deliberate indifference

9

which caused a delay so as to lead to further injury. Thus, plaintiff has failed to state a claim under the Eighth Amendment for violation of his constitutional rights for deliberate indifference to his serious medical needs.

### 5.  State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff may be able to state a claims for relief under section 1983. Therefore, the court reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law claims after plaintiff files his amended complaint so as to allow plaintiff opportunity to state cognizable claims for relief under section 1983.

## II.  Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

1   F.2d 740, 743 (9th Cir. 1978).

2       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
3   complete in itself without reference to any prior pleading.  As a general rule, an amended
4   complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
5   Once plaintiff files an amended complaint, the original pleading no longer serves any function in
6   the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
7   involvement of each defendant must be sufficiently alleged.

8       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

9       1.    Plaintiff's complaint is dismissed, with leave to amend;

10      2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

11      3.    Within **thirty (30) days** from the date of service of this order, plaintiff must
12      either:

13          a.    File an amended complaint curing the deficiencies identified by the court
14          in this order, or

15          b.    Notify the court in writing that he does not wish to file an amended
16          complaint and wishes to proceed only on the claims identified by the court
17          as viable/cognizable in this order; and

18      4.    If plaintiff fails to comply with this order, this action will be dismissed for failure
19      to obey a court order.

20  IT IS SO ORDERED.

21      Dated:   **January 25, 2008**           **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE