IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS, | CASE NO. CV-F-07-0540 AWI DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DEATHRIDGE SHOULD NOT BE DISMISSED |
| vs. | |
| J. DIAZ et al., | (Doc. 16) |
| Defendants. | |

Plaintiff Larry D. Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on April 6, 2007 against defendants Diaz, Rangel, Jordan and Deathridge. (Doc. 1). On February 13, 2008, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 10). Plaintiff submitted the required documents on February 29, 2008, and on March 13, 2008, the court directed the United States Marshal to initiate service on four defendants. (Doc. 13). The Marshal was unable to locate and serve defendant S. Deathridge and on April 28, 2008, the Marshal returned the USM-285 form to the court. (Docs. 16).

///

///

Pursuant to Rule 4(m),

If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

///

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the addresses provided by plaintiff for defendant Deathridge is no longer accurate, as it appears defendant no longer works at Pleasant Valley State Prison, and per the CDC locator, there is "no address/unable to locate". (Doc. 16.) If plaintiff is unable to provide the Marshal with the current address at which defendant Deathridge can be located, this defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the court will provide plaintiff with the opportunity to show cause why defendant Deathridge should not be dismissed from the action at this time.

///

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why defendant Deathridge should not be dismissed from this action; and,

2. The failure to respond to this order or the failure to show cause will result in a recommendation that defendant Deathridge be dismissed from this action.

IT IS SO ORDERED.

Dated:   **May 1, 2008**                         /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE