IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS, | CASE NO. 1:07-cv-00540 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| vs. | DEFENDANT DEATHRIDGE FROM ACTION |
| J. DIAZ, et al., | (Doc. 17) |
| Defendants. | |

Plaintiff Larry D. Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on April 6, 2007. (Doc. 1.) On February 13, 2008, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 10.) Plaintiff submitted the required documents on February 29, 2008, and on March 13, 2008, the court directed the United States Marshal to initiate service on four defendants. Two of the four defendants subsequently made an appearance in this action. (Doc. 18.) However, the Marshal was unable to locate and serve defendant Deathridge, and on April 28, 2008, the Marshal returned the USM-285 form to the court. (Doc. 16.) On May 1, 2008, the court ordered plaintiff to show cause within thirty days why defendant Deathridge should not be dismissed from this action. (Doc. 17.) Plaintiff did not file a response to the order.

///

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendant Deathridge is no longer accurate, as the defendant no longer works at Kern Valley State Prison. (Doc. 16.) Plaintiff was provided with the opportunity to show cause why defendant Deathridge should not be dismissed from the action at this time, but failed to do so.

Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, it is HEREBY RECOMMENDED that defendant Deathridge be dismissed from this action, without prejudice.

///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 16, 2008**              /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE