IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY THOMAS,<br><br>  Plaintiff,<br><br>   vs.<br><br>J. DIAZ,<br><br>  Defendant.<br>_____/ | CASE NO. 1:07-cv-00540 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Docs. 23, 27)<br><br>ORDER RE: DEFENDANTS' SUGGESTION OF DEATH OF DEFENDANT DIAZ<br><br>(Doc. 28) |

Plaintiff Larry Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Diaz, Rangel and Jordon on plaintiff's excessive force claim.

On March 13, 2008, the court directed the United States Marshal to initiate service on defendant Diaz. (Doc. 13). However, the Marshal was unable to locate and serve defendant Diaz, and on July 14, 2008, the Marshal returned the USM-285 form for defendant Diaz to the court. (Doc. 25.)

On June 25, 2008 and September 2, 2008, plaintiff moved for entry of default and default judgment against defendant Diaz. (Docs. 23, 27). On September 9, 2008, counsel for defendants Rangel and Jordan filed a suggestion of death of defendant Diaz. (Doc. 28).

///

**Plaintiff's Motions for Entry of Default and Default Judgment.**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a).

A review of the Court docket indicates that service was never effected upon defendant Diaz. (Doc. 25). Therefore, plaintiff's motion for entry of default and default judgment are premature and denied without prejudice.

**Suggestion of Death**

On September 9, 2008, counsel for defendants Rangel and Jordan filed a suggestion of death of defendant Diaz. Fed. R. Civ. P. 25. (Doc. 28).

Rules 25(a) provides:

> **(1) Substitution if the Claim is not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> ***
>
> **(3) Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(3). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow v. Ground, 39 F.3d at 232-234. Rule 25 requires dismissal absent a

motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471 (2d. Cir. 1998).

Defendants are HEREBY NOTIFIED that the ninety-day period has not been triggered by the filing of the notice because there is no declaration of service or other proof reflecting that there has been proper service of the suggestion of death on the nonparty successors or representatives of defendant Diaz.

IT IS SO ORDERED.

Dated:   **October 3, 2008**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE